E-FILED
Monday, 18 September, 2006  11:57:04 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RESTAURANTS UNLIMITED, INC., a foreign corporation doing business in Illinois,<br><br>    Plaintiff,<br><br>v.<br><br>JACQUELINE N. TAYLOR, as Trustee of the Jacqueline N. Taylor Trust under Agreement Dated April 17, 1998, and RUSSELL H. TAYLOR, as Trustee of the Robert C. Taylor Trust Fund Dated June 12, 1984 and Amended June 14, 1984,<br><br>    Defendants. | Case No.:    06-2155<br>**Jury Demanded** |

## ANSWER TO COMPLAINT

NOW COME the Defendants JACQUELINE N. TAYLOR, as Trustee of the Jacqueline N. Taylor Trust under Agreement Dated April 17, 1998, and RUSSELL H. TAYLOR, as Trustee of the Robert C. Taylor Trust Fund Dated June 12, 1984 and Amended June 14, 1984, by and through their attorney Rick W. Aeilts of Erwin, Martinkus & Cole, Ltd., and in response to the Complaint filed by the Plaintiff herein, hereby state as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Defendants are without sufficient information to admit or deny the allegations of paragraph 1, but demand strict proof thereof.

2.    Defendants admit the allegations of paragraph 2.

3.    Defendants admit the allegations of paragraph 3.

4. Defendants admit the allegations of paragraph 4.

5. Defendants are without sufficient information to admit or deny the allegations of paragraph 5, but demand strict proof thereof.

6. Defendants admit the allegations of paragraph 6.

## FACTUAL BACKGROUND

7. Defendants admit the allegations of paragraph 7.

8. Defendants admit the allegations of paragraph 8.

9. Defendants admit the allegations of paragraph 9.

10. Defendants admit the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11.

## COUNT I - SPECIFIC PERFORMANCE

12. Defendants incorporate their responses to paragraphs 1-11 above as though the same were fully set forth herein.

13. Defendants move to strike the allegations of paragraph 13 as the same call for a legal conclusion. In further response, the terms of the lease speak for themselves.

14. Defendants admit that Defendants received a letter dated March 17, 2005 wherein Plaintiff purported to exercise an option to purchase, and admit a copy of the Notice is attached to the Complaint as Exhibit B, but move to strike the remaining allegations of paragraph 14 as the same call for a legal conclusion.

15. Defendants admit the allegations of paragraph 15.

16. Defendants admit the allegations of paragraph 16.

17. Defendants admit the allegations of paragraph 17.

18. Defendants admit the allegations of paragraph 18.

19. Defendants admit the allegations of paragraph 19.

20. Defendants admit the allegations of paragraph 20.

21. Defendants admit the allegations of paragraph 21.

22. Defendants move to strike the allegations of paragraph 22 as the same call for a legal conclusion. In further response, Defendants state that the terms of the lease speak for themselves.

23. Defendants deny the allegations of paragraph 23.

24. Defendants admit the allegations of paragraph 24.

25. Defendants admit the allegations of paragraph 25.

26. Defendants admit that the Defendants allowed Plaintiff to remain in occupancy on a 30-day month-to-month basis without an increase in rent until the purchase option process was completed, but deny the remaining allegations of paragraph 26.

27. Defendants admit that Wampler responded as alleged, but are without sufficient information to admit or deny the date of the response, and demand strict proof thereof.

28. Defendants admit the allegations of paragraph 28.

29. Defendants admit the allegations of paragraph 29.

30. Defendants admit the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31, including each and every subpart thereof.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

WHEREFORE, Defendants pray that the Court enter judgment in favor of Defendants and against Plaintiff, plus costs of suit and such other relief as the Court deems just and proper.

### COUNT II - BREACH OF CONTRACT

35. Defendants incorporate by reference their responses to paragraphs 1-34 above as though the same were fully set forth herein.

36. Defendants move to strike paragraph 36, as the allegations call for a legal conclusion.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

WHEREFORE, Defendants pray that the Court enter judgment in favor of Defendants and against Plaintiff, plus costs of suit and such other relief as the Court deems just and proper.

**DEFENDANTS DEMAND TRIAL BY JURY ON ALL CLAIMS**

### AFFIRMATIVE DEFENSES

1. The court lacks subject matter jurisdiction pursuant to FRCP 12(b)(1).

2. The Complaint fails to state a claim for relief pursuant to FRCP 12 (b)(6).

**DEFENDANTS DEMAND TRIAL BY JURY ON ALL CLAIMS**

Respectfully submitted,


/s/Rick W. Aeilts
Rick W. Aeilts # 06228727

ERWIN, MARTINKUS & COLE, LTD.
411 West University Avenue
P.O. Box 1098
Champaign, IL 61824-1098
(217) 351-4040
FAX (217) 351-4314
rick.aeilts@erwinlaw.com

Attorney for Defendants, JACQUELINE N. TAYLOR, as Trustee of the Jacqueline N. Taylor Trust under Agreement Dated April 17, 1998, and RUSSELL H. TAYLOR, as Trustee of the Robert C. Taylor Trust Fund Dated June 12, 1984 and Amended June 14, 1984

## CERTIFICATE OF SERVICE

      I hereby certify that on September 18, 2006, I e-filed the foregoing Answer to Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Joseph M. Kellmeyer, Thompson Coburn LLP, One US Bank Plaza, St. Louis, MO 63101, jkellmeyer@thompsoncoburn.com.

      /s/Rick W. Aeilts
Rick W. Aeilts # 06228727

ERWIN, MARTINKUS & COLE, LTD.
411 West University Avenue
P.O. Box 1098
Champaign, IL 61824-1098
(217) 351-4040
FAX (217) 351-4314
rick.aeilts@erwinlaw.com

Attorney for Defendants, JACQUELINE N. TAYLOR, as Trustee of the Jacqueline N. Taylor Trust under Agreement Dated April 17, 1998, and RUSSELL H. TAYLOR, as Trustee of the Robert C. Taylor Trust Fund Dated June 12, 1984 and Amended June 14, 1984