UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
<u>URBANA DIVISION</u>

|  |  |
|---|---|
| RESTAURANTS UNLIMITED, INC., a foreign corporation doing business in Illinois,<br><br>           Plaintiff,<br><br>v.<br><br>JACQUELINE N. TAYLOR, AS TRUSTEE OF THE JACQUELINE N. TAYLOR TRUST UNDER AGREEMENT DATED APRIL 17, 1998,<br><br>and<br><br>RUSSELL H. TAYLOR, AS TRUSTEE OF THE ROBERT C. TAYLOR TRUST FUND DATED JUNE 12, 1984 AND AMENDED JUNE 14, 1984,<br><br>           Defendants. | Case No. 06-2155 |

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 16(f) FOR DEFENDANTS' FAILURE TO COMPLY WITH THIS COURT'S ORDER DATED <u>MARCH 2, 2007</u>**

Plaintiff, Restaurants Unlimited, Inc., (hereinafter "RUI") by and through its counsel Thompson Coburn LLP, for its Motion for Sanctions Pursuant to Fed. R. Civ. P. 16(f) for Defendants Failure to Comply with This Court's Order Dated March 2, 2007, states as follows.

1.   On January 22, 2007, the parties in this case participated in a telephone status conference with the Court. During that Conference, the Court mentioned the availability of a judicially-hosted Settlement Conference as a means of resolving this case. Later that week, both parties agreed to participate in the judicially-hosted Settlement Conference and proposed dates to the Court.

2. Thereafter, the Court issued an Order, dated January 30, 2007, scheduling the Settlement Conference for March 6, 2007. The Order also required that the parties submit to the Court a confidential settlement brief no later than the close of business February 27, 2007, and ordered counsel for the parties to engage in meaningful settlement discussions at least fourteen days prior to the Settlement Conference.

3. On February 16, 2007, RUI complied with the Court's Order by submitting a lengthy confidential settlement brief to the Court. RUI also, pursuant to the Court's Order, through its counsel, contacted counsel for Defendants and made an increased settlement offer of $271,591.50 to the Defendants.

4. On February 26, 2007, Defendants' counsel contacted RUI's counsel to request that the Settlement Conference be postponed. RUI voiced its objections to this extension as yet another delay tactic by the Defendants, but RUI nevertheless agreed to the Defendants' request in the hopes that the Settlement Conference would still be successful at a later date.

5. On March 2, 2007, this Court issued an Order resetting the Settlement Conference for May 3, 2007. Importantly, this Order also contained a requirement that counsel submit their confidential settlement briefs by April 26, 2007.

6. Despite the nearly two-month extension of the pertinent deadline, Defendants failed to file their confidential settlement brief by April 26, 2007. As a consequence of this failure, this Court entered an Order on April 27, 2007, cancelling the Settlement Conference.

7. The Settlement Conference has not been rescheduled.

8. Federal Rule of Civil Procedure 16(f) provides courts with the ability to impose sanctions on parties that fail to comply with pretrial orders. *See* Fed. R. Civ. P. 16(f); *G. Heilman Brewing Co., Inc. v. Joseph Oat Corp.,* 871 F.2d 648, 656-657 (7th Cir. 1989).

9. Courts have applied this Rule to impose sanctions for the failure of a party to submit a mediation memorandum required by a court order. *See Nick v. Morgan's Foods, Inc.*, 99 F. Supp. 2d 1056, 1064 (E.D. Mo. 2000), *aff'd* 270 F.3d 590 (8th Cir. 2001).

10. Defendants directly violated this Court's March 2, 2007, Order by failing to submit their confidential settlement brief by the April 26, 2007, deadline.

11. This inaction caused the Court to cancel the Settlement Conference.

12. Thus, by simply complying with the Court's orders in a timely fashion, RUI has now incurred attorneys fees and expenses in preparing for a nonexistent mediation.

13. Moreover, the Defendants' pattern of dilatory tactics and noncompliance indicate a lack of good faith.

14. The Defendants have clearly not shown the good faith they promised and have instead wasted the Court's time and resources and RUI's time and resources.

15. Therefore, pursuant to Rule 16(f), RUI believes this Court should impose sanctions on the Defendants and award RUI the reasonably attorneys fees and expenses it incurred in relying on Defendants fallacious promises.

WHEREFORE, RUI prays that this Court enter an Order imposing sanctions on the Defendants and awarding RUI the reasonable attorneys fees and expenses that it incurred in preparing for the Settlement Conference and in filing this Motion, and to grant such other and further relief as this Court deems appropriate.

> Respectfully submitted,
>
> THOMPSON COBURN LLP

/s/ Joseph M. Kellmeyer
Joseph M. Kellmeyer # 06205864
One US Bank Plaza
St. Louis, MO 63101
314-552-6000
FAX 314-552-7000
jkellmeyer@thompsoncoburn.com

Attorney for Plaintiff, Restaurants Unlimited, Inc.

- 4 -

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of the United States District Court for the Central District of Illinois, this 2nd day of May, 2007 and a copy sent via electronic mail to:

Rick W. Aeilts  
Erwin, Martinkus & Cole, LTD.  
411 West University Avenue  
P.O. Box 1098  
rick.aeilts@erwinlaw.com

                                  /s/ Joseph M. Kellmeyer