UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
<u>URBANA DIVISION</u>

| | |
|---|---|
| RESTAURANTS UNLIMITED, INC., a foreign corporation doing business in Illinois, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 06-2155 |
| JACQUELINE N. TAYLOR, AS TRUSTEE OF THE JACQUELINE N. TAYLOR TRUST UNDER AGREEMENT DATED APRIL 17, 1998, ) ) ) ) ) | |
| and ) ) | |
| RUSSELL H. TAYLOR, AS TRUSTEE OF THE ROBERT C. TAYLOR TRUST FUND DATED JUNE 12, 1984 AND AMENDED JUNE 14, 1984, ) ) ) ) ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS
PURSUANT TO FED. R. CIV. P. 16(f) FOR DEFENDANTS' FAILURE TO COMPLY
<u>WITH THIS COURT'S ORDER DATED MARCH 2, 2007</u>**

Plaintiff, Restaurants Unlimited, Inc., (hereinafter "RUI") by and through its counsel Thompson Coburn LLP, respectfully submits this Memorandum in Support of its Motion for Sanctions Pursuant to Fed. R. Civ. P. 16(f) for Defendants Failure to Comply with This Court's Order Dated March 2, 2007.

<u>**Introduction**</u>

For nearly two years RUI has been attempting to exercise its Purchase Option on a piece of property that RUI currently leases and uses to operate its restaurant. During this two year timeframe, Defendants have never cooperated and, in fact, have at times intentionally delayed

this process. This intention to cause delay has been further evidenced by the Defendants' total lack of cooperation with regard to the Settlement Conference scheduled by this Court via orders dated January 30, 2007, and March 2, 2007. Specifically, the Defendants' dilatory tactics have clearly violated the provisions of the Court's March 2, 2007 Order, which required them to submit a confidential settlement brief to the Court by April 26, 2007. Due to the Defendants' failure to comply with the Court's deadline for submission of confidential settlement briefs, this Court understandably cancelled the Settlement Conference scheduled for May 3, 2007. The Settlement Conference has not been reset. As a result of Defendants' intentional delay, RUI has incurred attorneys fees and expenses in preparing for the Settlement Conference, including time and effort expended in preparing RUI's confidential settlement brief that was submitted to the Court in a timely fashion on February, 16, 2007. Therefore, RUI respectfully requests that this Court, pursuant to Federal Rule of Civil Procedure 16(f), award RUI its reasonable attorneys fees and other expenses incurred—including, but not limited to the expense and attorneys fees incurred regarding RUI's motion for sanctions—due to the Defendants' total noncompliance with this Court's March 2, 2007, Order.

## Procedural Background

On January 22, 2007, the parties in this case participated in a telephone status conference with the Court. During that Conference, the Court mentioned the availability of a judicially-hosted Settlement Conference as a means of resolving this case. Later that week, both parties agreed to participate in the judicially-hosted Settlement Conference and proposed dates to the Court. Thereafter, the Court issued an Order, dated January 30, 2007, scheduling the Settlement Conference for March 6, 2007. The Order also required that the parties submit to the Court a confidential settlement brief no later than the close of business February 27, 2007, and ordered

counsel for the parties to engage in meaningful settlement discussions at least fourteen days prior to the Settlement Conference. On February 16, 2007, RUI complied with the Court's Order by submitting a lengthy confidential settlement brief to the Court. RUI also, pursuant to the Court's Order, through its counsel, contacted counsel for Defendants and made an increased settlement offer of $271,591.50 to the Defendants. *See* Letter from Joseph M. Kellmeyer to Rick W. Aeilts, Feb. 16, 2007 (**Exhibit A**). On February 26, 2007, Defendants' counsel contacted RUI's counsel to request that the Settlement Conference be postponed. RUI voiced its objections to this extension as yet another delay tactic by the Defendants, but RUI nevertheless agreed to the Defendants' request in the hopes that the Settlement Conference would still be successful at a later date. *See* Letter from Joseph M. Kellmeyer to Rick W. Aeilts, Feb. 26, 2007 (**Exhibit B**). On March 2, 2007, this Court issued an Order resetting the Settlement Conference for May 3, 2007. Importantly, this Order also contained a requirement that counsel submit their confidential settlement briefs by April 26, 2007. Despite the nearly two-month extension of the pertinent deadline, Defendants failed to file their confidential settlement brief by April 26, 2007. As a consequence of this failure, this Court entered an Order on April 27, 2007, cancelling the Settlement Conference. The Settlement Conference has not been rescheduled.

## Argument

Federal Rule of Civil Procedure 16(f) provides courts with the ability to impose sanctions on parties that fail to comply with pretrial orders. *See* Fed. R. Civ. P. 16(f); *G. Heilman Brewing Co., Inc. v. Joseph Oat Corp.,* 871 F.2d 648, 656-657 (7th Cir. 1989). Specifically, Rule 16(f) states:

> (f) Sanctions. If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in

> good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f). Courts have applied this Rule to impose sanctions for the failure of a party to submit a mediation memorandum required by a court order. *See Nick v. Morgan's Foods, Inc.,* 99 F. Supp. 2d 1056, 1064 (E.D. Mo. 2000), *aff'd* 270 F.3d 590 (8th Cir. 2001). In *Nick,* the parties voluntarily agreed to participate in a settlement conference as a means to resolve the employment discrimination claim at issue in the case. *See id.* at 1057. Thereafter, the court issued an order setting out the procedural requirements for the settlement conference, including a requirement for the submission of a mediation memorandum to the neutral mediator seven days prior to the conference. *See id.* The memoranda were to be treated as confidential communications and not made a part of the public record in the case. *Id.*

Among other failures in complying with the court's order, the defendant in the case, Morgan's Foods, failed to submit the required memorandum prior to the settlement conference. *Id.* at 1058. As a result, the plaintiff, Nick, filed a motion for sanctions under Rule 16(f). After determining that the court had the express power under Rule 16, and inherent authority under federal caselaw, to impose sanctions when a party violates the Federal Rules, the court turned to the issue of Morgan's Foods failure to provide the mediator with a mediation memorandum. *See id.* at 1061-1062. The court found that Morgan's Foods failure to prepare the memorandum was a "waste of plaintiff's time, plaintiff's counsel time, the neutral's time and the Court's time" and was a "direct violation of the Court's local rules and the Court's ADR Referral Order." *Id.*

Thus, the court imposed sanctions on Morgan's Foods and ordered them to pay Nick the amount of attorneys fees and expenses that Nick's counsel expended in preparing for the mediation. *Id.* at 1064.

The Court should reach a like conclusion in this case. Defendants directly violated this Court's March 2, 2007, Order by failing to submit their confidential settlement brief by the April 26, 2007, deadline. This inaction caused the Court to cancel the Settlement Conference. Thus, by simply complying with the Court's orders in a timely fashion, RUI has now incurred attorneys fees and expenses in preparing for a nonexistent mediation. Moreover, the Defendants' pattern of dilatory tactics and noncompliance indicate a lack of good faith. As the *Nick* court stated: "When a party agrees to participate in a mediation process in good faith, the Court is entitled to rely on that representation." *Id.* at 1061 (citing *Raad v. Wal-Mart Stores, Inc.*, 1998 WL 272879, at *6 (D.Neb. May 6, 1998)). RUI was likewise entitled to rely on that representation and invested significant money and time based on the Defendants' agreement to participate in the Settlement Conference. The Defendants have clearly not shown the good faith they promised and have instead wasted the Court's time and resources and RUI's time and resources. Therefore, pursuant to Rule 16(f), RUI believes this Court should impose sanctions on the Defendants and award RUI the reasonably attorneys fees and expenses it incurred in relying on Defendants fallacious promises.

## Conclusion

Under Federal Rule of Civil Procedure 16(f), the Court has the ability to impose sanctions on a party that fails to comply with its pretrial orders. Clearly, Defendants have failed to comply with the Court's March 2, 2007, pretrial order regarding the submission of a

confidential settlement brief prior to April 26, 2007. As a result of Defendants' failure, the Court cancelled the Settlement Conference scheduled for May 3, 2007. RUI has expended significant time and money preparing for the now-cancelled Settlement Conference and RUI's Motion for Sanctions against Defendants. Therefore, RUI believes that it is entitled to the reasonable attorneys fees and expenses that it incurred in this process and respectfully requests this Court to impose sanctions on the Defendants in an amount equal to RUI's expenditures.

    Respectfully submitted,

    THOMPSON COBURN LLP

    /s/ Joseph M. Kellmeyer
    Joseph M. Kellmeyer # 06205864
    One US Bank Plaza
    St. Louis, MO 63101
    314-552-6000
    FAX 314-552-7000
    jkellmeyer@thompsoncoburn.com

    Attorney for Plaintiff, Restaurants Unlimited, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of the United States District Court for the Central District of Illinois, this 2nd day of May, 2007 and a copy sent via electronic mail to:

Rick W. Aeilts
Erwin, Martinkus & Cole, LTD.
411 West University Avenue
P.O. Box 1098
rick.aeilts@erwinlaw.com

                                            /s/ Joseph M. Kellmeyer

# THOMPSON COBURN

Thompson Coburn LLP
Attorneys at Law

One US Bank Plaza
St. Louis, Missouri 63101
314-552-6000
FAX 314-552-7000
www.thompsoncoburn.com

February 16, 2007

Joseph M. Kellmeyer
314-552-6166
FAX 314-552-7166
EMAIL jkellmeyer@
thompsoncoburn.com

**VIA US MAIL & FACSIMILE**

Mr. Rick W. Aeilts
Erwin, Martinkus, Cole, & Associates, Ltd.
P.O. Box 1098
Champaign, Illinois 61824-1098

Re: <u>Restaurants Unlimited Inc. v. Jacqueline N. Taylor et al; Case No. 06-2155.</u>

Dear Mr. Aeilts:

Pursuant to the January 30, 2007 Order in the above-styled matter, I contacted you to engage in meaningful settlement discussions. As you know, my client's appraisal of the property found the market price of the property to be $250,000.00. In an effort to settle this matter, my client is willing to increase its offer to purchase the property to $271,591.50. I understand you will speak to your clients and let me know where they stand.

Additionally, we discussed the fact that your clients' discovery responses are overdue. You stated that you would attempt to provide me with such responses by next week.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Thompson Coburn LLP

By /s/ Joseph M. Kellmeyer
Joseph M. Kellmeyer

JMK/bac

3518962

EXHIBIT A

# THOMPSON COBURN

*Thompson Coburn LLP*
*Attorneys at Law*

One US Bank Plaza

St. Louis, Missouri 63101-1693

314-552-6000

**FAX 314-552-7000**

www.thompsoncoburn.com

# *Facsimile*

FOR IMMEDIATE DELIVERY

| To | Firm Name | Phone | Fax |
|---|---|---|---|
| Rick W. Aeilts, Esq. | Erwin, Martinkus, Cole & Associates, Ltd. | (217) 351-3110 | (217) 351-4314 |
| | | | |
| | | | |
| | | | |
| | | | |

**From:** Kellmeyer, Joseph M.

**Date:** 2/16/2007

**Message:** Re: Restaurants Unlimited, Inc. v. Jacqueline N. Taylor, et al.

Atty/Client/Matter No.: 1461  (1) 10015/22863 ,

Total Number of Pages, including this page: 2

If you do not receive all of the pages, please call **314-552-6000** as soon as possible.

Thank you,
Fax Department - Operator: _____   Time of Transmittal: 11:40 A.M./P.M.

**Confidentiality Note**
The information contained in this facsimile transmission is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify us by collect telephone call and return the original transmission to us at the above address by U.S. mail. Thank you.

```
*********************
***  TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                3043
DESTINATION TEL #       1461#10015#22863#12173514314#
DESTINATION ID
ST. TIME                02/16 11:41
TIME USE                00'37
PAGES SENT              2
RESULT                  OK
```

# THOMPSON COBURN

*Thompson Coburn LLP*
*Attorneys at Law*

One US Bank Plaza
St. Louis, Missouri 63101-1693
314-552-6000
FAX 314-552-7000
www.thompsoncoburn.com

# *Facsimile*
FOR IMMEDIATE DELIVERY

| To | Firm Name | Phone | Fax |
|---|---|---|---|
| Rick W. Aeilts, Esq. | Erwin, Martinkus, Cole & Associates, Ltd. | (217) 351-3110 | (217) 351-4314 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

From:　　Kellmeyer, Joseph M.

Date:　　2/16/2007

Message:　　Re: Restaurants Unlimited, Inc. v. Jacqueline N. Taylor, et al.

Atty/Client/Matter No.:　　1461　(1) 10015/22863 .

Total Number of Pages, including this page:　　2

# THOMPSON COBURN

Thompson Coburn LLP
Attorneys at Law

One US Bank Plaza
St. Louis, Missouri 63101
314-552-6000
FAX 314-552-7000
www.thompsoncoburn.com

February 26, 2007

Joseph M. Kellmeyer
314-552-6166
FAX 314-552-7166
EMAIL jkellmeyer@
thompsoncoburn.com

**VIA US MAIL & FACSIMILE**

Mr. Rick W. Aeilts
Erwin, Martinkus, Cole, & Associates, Ltd.
P.O. Box 1098
Champaign, Illinois 61824-1098

Re:   *Restaurants Unlimited Inc. v. Jacqueline N. Taylor et al; Case No. 06-215.*
      Request for Extension of Time

Dear Rick:

I have spoken with my client regarding your request for an extension of time in which to hold the mediation which is currently scheduled for March 6, 2007. My client believes that this is yet another effort by your client to further delay my client's option to purchase the property at issue in this litigation.

Having said this, my client will not oppose the request for extension of time because, as you stated in our telephone conversation, the mediation is voluntary and the extension will likely be granted regardless of my client's position. Nevertheless, my client's acquiescence is conditional on the mediation being held on either a Tuesday or a Thursday.

Once again, I urge you and your client to abide by the purchase option provisions in a timely fashion. We will continue to seek all legally recoverable damages for the delay of the mediation and the other delays caused by your client.

Very truly yours,

Thompson Coburn LLP

By *[signature]*
Joseph M. Kellmeyer

JMK/bac

cc:   The Honorable David G. Bernthal
      Mr. Larry R. Rugg

3523295

EXHIBIT B

```
                        ********************
                        ***  TX REPORT   ***
                        ********************

        TRANSMISSION OK

        TX/RX NO                2263
        DESTINATION TEL #       1461#03999#07000#12173514314#
        DESTINATION ID
        ST. TIME                02/26 12:18
        TIME USE                00'36
        PAGES SENT              2
        RESULT                  OK
```

# THOMPSON COBURN

*Thompson Coburn LLP*
*Attorneys at Law*

One US Bank Plaza

St. Louis, Missouri 63101-1693

314-552-6000

**FAX 314-552-7000**

www.thompsoncoburn.com

# *Facsimile*
## FOR IMMEDIATE DELIVERY

| To | Firm Name | Phone | Fax |
|---|---|---|---|
| Rick W. Aeilts, Esq. | Erwin, Martinkus, Cole & Associates, Ltd. | (217) 351-3110 | (217) 351-4314 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

From:     Kellmeyer, Joseph M.

Date:     2/26/2007

Message:          Re: Restaurants Unlimited Inc. v. Jacqueline N. Taylor, et al.


Atty/Client/Matter No.:    1461 (1) /,