E-FILED
Tuesday, 15 May, 2007  11:12:19 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RESTAURANTS UNLIMITED, INC., a foreign corporation doing business in Illinois, ) ) ) Plaintiff, ) ) v. ) ) JACQUELINE N. TAYLOR, as Trustee of the ) Jacqueline N. Taylor Trust under Agreement ) Dated April 17, 1998, and RUSSELL H. ) TAYLOR, as Trustee of the Robert C. Taylor ) Trust Fund Dated June 12, 1984 and Amended ) June 14, 1984, ) ) Defendants. ) | Case No.: 06-2155 |

## RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

NOW COME the Defendants JACQUELINE N. TAYLOR, as Trustee of the Jacqueline N. Taylor Trust under Agreement Dated April 17, 1998, and RUSSELL H. TAYLOR, as Trustee of the Robert C. Taylor Trust Fund Dated June 12, 1984 and Amended June 14, 1984, by and through their attorney Rick W. Aeilts of Erwin, Martinkus & Cole, Ltd., and for their response to the Plaintiff's Motion for Sanctions filed in this cause hereby state as follows:

1.  On the afternoon of Thursday, April 26, 2007 counsel had a phone conversation with Plaintiff's attorney, Ryan Kemper (of the same office as Joseph Kellmeyer) and discussed various issues relating to the upcoming settlement conference, the potential for settlement of this case, the outstanding discovery requests of Defendants, the fact that Defendants' counsel would hope to receive Plaintiff's production of documents prior to the settlement conference, and the need for an agreed stipulation to extend the discovery cut-off date.

2.     During that conversation, attorney Kemper advised defense counsel that due to his work load, it was unlikely that Defendants would receive Plaintiff's production of documents prior to the settlement conference. Counsel for Defendants reiterated his desire to have those documents prior to the settlement conference, but assured Mr. Kemper that he would not attempt to continue the settlement conference and in fact planned on appearing with his client on Thursday, May 3, 2007 as previously scheduled. In that same conversation, Defendants' counsel advised Plaintiff's counsel that he was working on the confidential settlement brief to be filed with the court. Mr. Kemper asked when the brief was due and defense counsel indicated that it was due to be filed the following day, April 27th. Mr. Kemper did not take issue with this assertion.

3.     On the morning of Friday, April 27th, counsel received a call from his secretary indicating that the court had cancelled the settlement conference due to failure to file the settlement brief. Upon returning to his office, Defendants' counsel realized that he had mis-calendared the due date for the settlement brief. Counsel immediately called Mr. Kemper and left a voice mail indicating the reason for the failure to file the settlement brief. Thereafter, defense counsel hand delivered a copy of the settlement brief to the Clerk of Court.

4.     It wasn't until Monday, April 30, 2007 that defense counsel was able to discuss this matter with Joseph Kellmeyer. Defense counsel advised Mr. Kellmeyer of the reason for the late filing, assured Mr. Kellmeyer that the Defendants were still interested in getting this matter resolved, whether it be by settlement conference or without the Court's assistance, and the attorneys discussed the filing of the Joint Motion for Extension of Discovery Deadlines.

5.     Despite Mr. Kellmeyer's allegations in the Motion for Sanctions, the failure to file the settlement brief with the court was not a dilatory tactic, or evidence of bad faith on the part of

this attorney or his client. To the contrary, this attorney has been working diligently to try and get this matter resolved. The failure to timely file the confidential settlement brief with the court was a result of an unfortunate error in calendaring its due date, not the result of bad faith or gamesmanship.

6.      When defense counsel spoke with Mr. Kellmeyer on Monday, April 30th, Mr. Kellmeyer indicated his client's unhappiness and his client's desire to move for sanctions. Defense counsel advised Mr. Kellmeyer that a Motion for Sanctions seeking attorney's fees for time spent preparing the confidential case memorandum would be unwarranted, given that the settlement conference could be rescheduled. In fact, defense counsel advised Mr. Kellmeyer that his client is still ready, willing and able to attend a settlement conference with a desire to get this case resolved, and that unless his client decided not to participate in the settlement conference, any such motion would be moot. Mr. Kellmeyer advised that his client was willing to reschedule the settlement conference. In fact, as of the date of this filing, the settlement conference has already been rescheduled once, to June 13, 2007 at 9:30 a.m., however, that setting has been vacated due to a conflict in Mr. Kellmeyer's schedule. Counsel fully anticipates that the settlement conference will in fact be rescheduled during the telephone status hearing with the court this afternoon. Thus, the attorney's fees expended in preparing the confidential settlement brief would be an inappropriate sanction against this Defendant given that the parties will in fact be participating in a settlement conference, absent settlement prior thereto. The case cited by Plaintiff in support of its motion for sanctions, including payment of attorney's fees for preparing the settlement brief, involved a litigant's multiple failures to comply with a court order, and willful and intentional disregard of the court's deadlines. With all due respect to Mr. Kellmeyer, the conduct of defense counsel in

calendaring the due date of the settlement brief (of which Mr. Kellmeyer was made fully aware) falls far short of the kind of egregious conduct which occurred in *Nick v. Morgan's Food*.

    7.    Given that Mr. Kellmeyer was aware of the reasons for the failure to timely file the confidential settlement brief, and Defendants' continued willingness to participate in a settlement conference, there was no basis to file a Motion for Sanctions other than to attempt to gain leverage for purposes of settlement, and to cast aspersions on the Defendants and their attorneys in a poorly veiled and disingenuous attempt to gain favor with the Court. Furthermore, the filing of the motion does nothing to facilitate settlement, and, in fact, runs the risk of placing the parties in such a litigious posture that the chances for settlement are reduced.

For these reasons, counsel prays that Plaintiff's Motion for Sanctions be denied in its entirety.

    Respectfully submitted,

/s/Rick W. Aeilts
Rick W. Aeilts # 06228727

ERWIN, MARTINKUS & COLE, LTD.
411 West University Avenue
P.O. Box 1098
Champaign, IL 61824-1098
(217) 351-4040
FAX (217) 351-4314
rick.aeilts@erwinlaw.com

Attorney for Defendants, JACQUELINE N. TAYLOR, as Trustee of the Jacqueline N. Taylor Trust under Agreement Dated April 17, 1998, and RUSSELL H. TAYLOR, as Trustee of the Robert C. Taylor Trust Fund Dated June 12, 1984 and Amended June 14, 1984

**CERTIFICATE OF SERVICE**

       I hereby certify that on May 2, 2007, I e-filed the foregoing **Response to Plaintiff's Motion for Sanctions** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Joseph M. Kellmeyer, Thompson Coburn LLP, One US Bank Plaza, St. Louis, MO 63101, jkellmeyer@thompsoncoburn.com.

       /s/Rick W. Aeilts
       Rick W. Aeilts # 06228727

       ERWIN, MARTINKUS & COLE, LTD.
       411 West University Avenue
       P.O. Box 1098
       Champaign, IL 61824-1098
       (217) 351-4040
       FAX (217) 351-4314
       rick.aeilts@erwinlaw.com

       Attorney for Defendants, JACQUELINE N.
       TAYLOR, as Trustee of the Jacqueline N. Taylor
       Trust under Agreement Dated April 17, 1998, and
       RUSSELL H. TAYLOR, as Trustee of the Robert C. Taylor Trust
       Fund Dated June 12, 1984 and Amended June 14, 1984